ALBERT REDNER, PETITIONER-DEFENDANT, v. PAINT ENGINEERS, INC., RESPONDENT-PROSECUTOR.

Submitted October 2, 1945—Decided November 15, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the prosecutor, *John W. Taylor*.

For the defendant, *Isadore Rabinowitz* and *Nathan Rabinowitz*.

The opinion of the court was delivered by

BODINE, J. This is a compensation case. The Bureau dismissed the petition on the ground that the proofs failed to establish that the accident in which petitioner was injured arose out of and in the course of his employment. The Court of Common Pleas reversed and directed the Bureau to award compensation. The writ of *certiorari* brings before us the action of the Court of Common Pleas, as well as the action of the Bureau pursuant to the remand from that court.

The first question presented is whether the proofs show that the accident arose out of and in the course of the employment.

The petitioner, Redner, was employed as a paint mixer. On October 28th, 1942, at about 12:00 o'clock noon, he was injured at the plant of Harry and Phil's Auto Wrecking Company at the corner of River and Bridge Streets, Paterson. He testified that on the day before he was directed to deliver paint in Long Island City. He had used his truck for such purpose on many occasions, being paid on a mileage basis. The truck required a new fuel pump. The superintendent told him to get it fixed. Going to Harry and Phil's place about 9:30, he found that Harry was out so he went home returning about noon. He put the new part in and while talking to Harry about the money he owed the explosion occurred and petitioner was burned. The use of the truck for the trip to Long Island, he testified, had been arranged by Mr. Greene, vice-president in charge of production of the defendant company.

Mr. Bayles, plant superintendent, denied any conversation about the delivery of paint on Long Island or repairs to the truck. Mr. Greene denied that any shipment was to be made on October 28th in the petitioner's truck. The petitioner was not corroborated in any respect. If the repairs to his truck were to be made for his employer's benefit and in the interest of his business, there should be some corroboration.

The Bureau, in the first instance, heard the testimony and was better able to determine the credit to be given to the witnesses. We find that the petitioner did not sustain the burden of proof.

The judgment of the Court of Common Pleas is reversed.